UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSE LUCIO CHACON,

               Plaintiff,

v.                             Case No. 3:09-cv-1126-J-12MCR

RON RICE, et al.,

               Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Jose Lucio Chacon, who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Complaint) (Doc. #1) pursuant to 42 U.S.C. § 1983. In the Complaint, he names Columbia Correctional Institution (hereinafter CCI) and Ron Rice, the Medical Director of CCI, as the Defendants in this action. Plaintiff complains that he was exposed to tuberculosis. He asserts that Ron Rice, the Medical Director at CCI, once he was aware of several inmates showing signs of tuberculosis, failed to timely quarantine those inmates to prevent the spread of tuberculosis. Plaintiff asserts that he has tested positive for exposure to tuberculosis. As relief, Plaintiff seeks transfer to an institution with full and adequate treatment for tuberculosis, compensatory damages of $50,000 from the Florida Department of Corrections and any other relief the Court deems just and proper.

The Prison Litigation Reform Act (PLRA) requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

Plaintiff names CCI as one of the Defendants. The correctional institution is a state institution and is administered by the Florida Department of Corrections. The Department of Corrections, as an arm of the state (an arm of the executive branch of government), is not a person subject to liability under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. at 71.

Insofar as Plaintiff may be attempting to raise an Eighth Amendment claim, he has not alleged facts to support such a claim. A violation of the Eighth Amendment requires a showing of

"deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). It does not appear that Defendant Rice, as the Medical Director, intended to inflict pain upon Plaintiff Chacon. Plaintiff describes Defendant's failing to timely quarantine as "unprofessional" and "negligent." Complaint at 8, 9. "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (stating that the alleged negligence does not transform a state tort claim into a constitutional deprivation), cert. denied, 522 U.S. 966 (1997); Cannon v. Taylor, 782 F.2d 947, 949-50 (11th Cir. 1986). Plaintiff's allegations may support a claim of negligence; however, without a showing of something more than unprofessional and negligent inaction, his claim does not rise to the level of a federal constitutional violation.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of November, 2009.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 11/18
c:
Jose Lucio Chacon